IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

v.                              Case No. 2:12-CR-20007-004

JESUS ORDAZ                                                              DEFENDANT/PETITIONER

**O R D E R**

Before the Court is Defendant/Petitioner Jesus Ordaz's motion (Doc. 102) to vacate his sentence under 28 U.S.C. § 2255.[1] The Court has received a report and recommendations (Doc. 115) from United States Magistrate Judge Mark E. Ford. Ordaz has submitted objections (Doc. 116) to the report and recommendations.

**I.    Background**

Ordaz's motion to vacate rests on five grounds, the first four of which are ineffective assistance of counsel claims and the last of which alleges a litany of constitutional violations.[2] Magistrate Judge Ford's report and recommendation recommends that the Court reject all five grounds, that no hearing is necessary, and that no certificate of appealability should issue.

---

[1] Ordaz has separately filed a motion (Doc. 117) to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. That motion is not resolved by this order and remains pending.

[2] Magistrate Judge Ford's report and recommendation succinctly and accurately summarizes the claims in Ordaz's motion:

> The Motion raises five grounds, four of which relate to claims of ineffective assistance of counsel, to wit: (1) failure to argue that U.S.S.G. § 1B1.3 limited Ordaz's sentence to specific, jointly undertaken activity, instead of the activity of the entire charged conspiracy; (2) failure to argue that the record did not demonstrate that the Indictment was returned in open court; (3) failure to timely investigate and negotiate for a favorable plea agreement; (4) the cumulative impact of multiple deficiencies or errors by counsel during pre-trial, plea, sentencing, and on direct appeal; and, (5) that his conviction and sentence violates the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. (Doc. 115, p. 4).

Ordaz's objections to the report and recommendations are that Magistrate Judge Ford erred in recommending dismissal on Ordaz's first ground; in recommending that no hearing is required; and because the report and recommendation is inconsistent with Ordaz's allegations and the evidence apparent from the record. Specific objections are necessary to focus the Court's review and aid the Court in identifying any specific alleged errors. Objections are not meant to be an opportunity for a party to re-brief its case.

Where the Court could construe objections that specifically addressed a finding by the Magistrate, the Court reviewed the record *de novo* as to those objections. *See Belk v. Purkett*, 15 F.3d 803 (8th Cir. 1994) (while emphasizing the necessity of *de novo* review, indicating that lack of specificity may be an appropriate basis for denying *de novo* review in cases involving extensive records, which would make it difficult to focus upon any alleged errors if insufficiently directed by the parties); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). In all other respects, the Magistrate's report was reviewed for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed and the time for filing objections has expired, the district court should review findings of the magistrate for clear error). Having conducted such review, the Court finds that Plaintiff's objections offer neither law nor fact requiring departure from the findings and recommendations of the Magistrate.

**II.     Decision of Defense Counsel Not to Object to Drug Quantity**

Ordaz's first objection relates to the first ground he raised in support of his motion to

vacate. As his first ground, Ordaz asserts that he received ineffective assistance of counsel with respect to his sentencing because Defense Counsel could have, but did not, argue and cite authority[3] that United States Sentencing Guidelines[4] ("U.S.S.G.") § 1B1.3 limited Mr. Ordaz's sentence to specific, jointly undertaken activity, instead of the activity of the entire charged conspiracy. Magistrate Judge Ford correctly determined that the test established by the Supreme Court in *Strickland v. Washington*[5] should be applied to determine whether a convicted defendant had ineffective assistance applies to this claim. Under *Strickland*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Unless a defendant makes both showings*, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687 (emphasis added). Magistrate Judge Ford then found that Ordaz failed to make the showing required by the first prong of the *Strickland* test, and so there was no need to reach the second prong. The Court agrees.

Specifically, Magistrate Judge Ford found that although Defense Counsel did not object to the drug quantity calculation in the final presentence investigation report ("PSR"), it was the Government's objection to the initial PSR that led to the calculation in the final PSR, and the Court addressed that objection during sentencing. Furthermore, Defense Counsel did challenge the quantity finding on appeal. Ordaz objects to this finding, arguing that the Magistrate Judge conflated Ordaz's current claim that Defense Counsel was ineffective by failing to object at

---

[3] Ordaz does not identify any authority Defense Counsel ought to have argued and cited.
[4] The 2011 version of the Guidelines Manual was used to determine Ordaz's Guidelines sentence.
[5] 466 U.S. 668, 687 (1984).

3

sentencing to the quantity calculation with a claim (which Ordaz is not making) that the quantity calculation was wrong. Ordaz misunderstands the Magistrate Judge's reasoning. The Magistrate Judge's analysis is limited to saying that the decision not to object to the quantity calculation at sentencing was not deficient representation. The Court's *de novo* review of the record leads to the conclusion that the Magistrate Judge is correct.

In evaluating whether Defense Counsel's performance was deficient, the Court "must be highly deferential . . . [and] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. For Ordaz to succeed on his first ground, he must show that Defense Counsel's failure to object to the Court's quantity calculation was deficient because it was professionally unreasonable, and this showing must be made over the strong presumption to the contrary. In this circuit, "it cannot be considered professionally unreasonable for counsel to fail to object to the correct application of settled law." *Hamberg v. United States*, 675 F.3d 1170 (8th Cir. 2012).

Ordaz argues that in his case, "he was sentenced for the entire amount of drugs involved in the so-called 'conspiracy' without the Court making the specific findings required by U.S.S.G. § 1B1.3. In spite of the Court's error, counsel made no objection to the omission." (Doc. 106, p. 26).[6] That is, Ordaz believes that the quantity of drugs attributed to him for establishing his base offense level under U.S.S.G. § 2D1.1 included some quantity of drugs that should not have been attributed to him because that quantity did not qualify as relevant conduct under U.S.S.G. § 1B1.3. He asserts that the failure of Defense Counsel to raise an objection to inclusion of this quantity of drugs was professionally unreasonable.

The record demonstrates that Ordaz was convicted after pleading guilty to two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. 88). In exchange

---

[6] Where there is a difference, page cites are to internal, rather than CM/ECF, pagination.

4

for Ordaz's guilty plea, the Government agreed to move for dismissal of one count charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846; two additional counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); and a forfeiture allegation. The initial PSR indicated that Ordaz was the source of supply for his codefendants and recommended a role-in-the-offense enhancement to Oradz's sentence.  The Government objected to the attributable quantity of drugs in the initial PSR.  Defense Counsel objected to the role-in-the-offense enhancement.  The final PSR increased Ordaz's drug quantity in light of the Government's objection and left the role-in-the-offense enhancement in place.  At the sentencing hearing, the Court heard testimony to support its finding that Ordaz was the source of supply for all drugs attributable to him, and found that the role-in-the-offense enhancement was appropriate, overruling Ordaz's objection.  With respect to quantity, Ordaz was held accountable for 122.58 grams of actual methamphetamine and 5.1304 kilograms of mixture or substance containing methamphetamine.  These quantities included amounts Ordaz distributed to confidential informants, as well as amounts the Court found that Ordaz distributed to his codefendants. Defense Counsel did not object to the amounts.

By the time of Ordaz's November 19, 2012 sentencing, it was settled law in this circuit with respect to relevant drug quantities under the Guidelines that amounts a defendant distributed to codefendants were properly considered relevant conduct. *United States v. Maxwell*, 25 F.3d 1389, 1398 (8th Cir. 1994) (holding that quantities a defendant supplied to coconspirators were appropriately attributed to the defendant: "The court based its finding on the 13.65 grams of cocaine, which officers seized from Brown's apartment, that Maxwell had supplied to Brown and the 84 grams of cocaine base and the 1085 grams of cocaine powder that Brown testified that Maxwell had supplied to him during the summer of 1989.  Additionally, because Maxwell had

supplied Majied with the cocaine that he distributed, the court relied on the 429 grams of cocaine that Majied had supplied to Moore."). At Ordaz's sentencing and in the PSR, the evidence that supported the Court's finding that a role-in-the-offense enhancement was appropriate was that Ordaz supplied his codefendants with all drug quantities attributed to him. Ordaz does not now object to this evidence on factual grounds, but rather on the basis that some quantity of drugs recovered from or dealt to his codefendants could not legally be attributed to him, and Defense Counsel's failure to raise this issue was deficient performance. Ordaz is incorrect. His distribution of drugs to codefendants was his own specific, jointly undertaken activity, and those drugs were properly attributed to him.

Because the drug quantities were attributed to Ordaz in line with settled law in the Eighth Circuit, the decision of Defense Counsel not to object to that attribution cannot be considered professionally unreasonable. Because Defense Counsel's decision was not professionally unreasonable, his performance was not deficient. Because his performance was not deficient, there is no need under *Strickland* to reach the issue of prejudice.[7] Accordingly, Ordaz has not provided a basis in law or fact to depart from the Magistrate Judge's recommendation with respect to Ordaz's first ground.

Ordaz does not raise any specific objections to the Magistrate Judge's recommendation that his motion to vacate be denied with respect to grounds two through five. Therefore, the Magistrate's report and recommendation is reviewed for clear error, and the Court finds none.

## III.   Evidentiary Hearing

Ordaz's second objection is that the Magistrate Judge erred in recommending that no

---

[7] The Court notes that Ordaz's objection to the report and recommendation with respect to his first ground also asserts that the Magistrate Judge confused the law in failing to find prejudice. Prejudice is addressed under *Strickland*'s second prong, which neither the Magistrate Judge nor the Court need reach in light of Ordaz's failure to show that Defense Counsel's performance was deficient.

evidentiary hearing is required in this case. "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Paragraphs 1 through 44 of Ordaz's motion to vacate are almost entirely conclusions, rather than statements of fact. (Doc. 102, pp. 8–16). Even those paragraphs that allege some statements of fact are tightly intertwined with conclusions. If the Court accepts Ordaz's allegations as true, it is compelled to find, just as Magistrate Judge Ford did, that Ordaz is not entitled to relief on his claims because he cannot satisfy the *Strickland* test. Accordingly, no hearing is necessary. *Roundtree v. United States*, 751 F.3d 923, 925–26 (8th Cir. 2014) ("Failure to establish either prong [of *Strickland*] would be fatal to [Plaintiff's] claim. Thus, the district court was required to hold an evidentiary hearing regarding [Plaintiff's] ineffective assistance claim unless the record conclusively established either that [Defense Counsel] did not perform deficiently or that [Plaintiff] suffered no prejudice as a result of [Defense Counsel's] allegedly deficient performance."). Ordaz provides no basis in his objection to depart from the Magistrate Judge's report and recommendation on this matter, and no hearing is necessary.

**IV.   Certificate of Appealability**

The Court agrees with Magistrate Judge Ford that Ordaz has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealaibility should issue.

**V.   Conclusion**

After careful review, the Court concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety.

IT IS THEREFORE ORDERED that the Report and Recommendations (Doc. 115) as to Ordaz's motion to vacate is ADOPTED in its entirety.

IT IS FURTHER ORDERED that Petitioner Jesus Ordaz's motion (Doc. 102) to vacate is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS SO ORDERED this 9th day of July, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE